**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Garry Parker | * | |
| 2911 Bennington Avenue | | |
| Columbus, Ohio 43231 | * | |
|     On behalf of himself and other members of the general public similarly situated, | * | Case No. 2:17-cv-633 |
| | * | JUDGE |
|                                     Plaintiff, | * | MAGISTRATE JUDGE |
| v. | * | **JURY DEMAND ENDORSED HEREON** |
| Breck's Ridge, LLC | * | |
| 1367 Frank Rd. | | |
| Columbus, Ohio 43223-3729 | * | |
| & | * | |
| Breck's Paving, Inc. | * | |
| 1367 Frank Rd. | | |
| Columbus, Ohio 43223 | * | |
| | * | |
|                                 Defendants. | | |
| | * | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Garry Parker ("Plaintiff," "Named Plaintiff," or "Plaintiff Parker"), individually and on behalf of other members of the general public similarly situated, for his complaint against Breck's Ridge LLC ("Defendant Breck's Ridge") and Breck's Paving, Inc. ("Defendant Breck's Paving") (collectively referred to as "Defendants"), for their failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C.

4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted individually by the Named Plaintiff and all Ohio Opt-ins who join this case. Plaintiff also individually brings claims against Defendants for violations of Ohio Revised Code Chapter 4112 ("Chapter 4112"). The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), Chapter 4112, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue properly lies in this forum pursuant to 28 U.S.C. § 1391, because Defendant employed Named Plaintiff Parker and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and Defendants conduct substantial business in this judicial district.

## II. THE PARTIES

4. Named Plaintiff Garry Parker is an individual, United States citizen, and resident of the State of Ohio living in the Southern District of Ohio. At all times relevant herein, Plaintiff was jointly employed by Defendants from approximately April 1994 until March 2017 as a foreman and/or general laborer.

5. At the time of his termination, Plaintiff was the only African American foreman/general laborer at Defendants' location.

6. As a foreman and/or general laborer, Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts. In addition, Plaintiff was an employee as that term is defined in Chapter 4112.

7. His primary job duties consisted of operating equipment and performing general construction work on behalf of Defendants during all times relevant.

8. During his employment with Defendants, Named Plaintiff was not paid for all of his compensable hours worked due to an automatic meal period deduction in the amount of thirty (30) minutes per day even though Named Plaintiff did not receive a bona fide meal period resulting in unpaid overtime wages for the three years preceding the filing of this Complaint.

9. Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated, and have given his written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff's consents is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

10. Defendant Breck's Ridge is a domestic limited liability company with its principal place of business located in Franklin County, which is in the Southern District of Ohio. Defendant

Breck's Ridge's business address is 1367 Frank Rd., Columbus, Ohio 43223. The same address is listed on Plaintiff's payroll records.

11. According to the Better Business Bureau, Breck's Ridge is also listed as an alternate name for Breck's Paving.[1]

12. Defendant Breck's Paving is a domestic for-profit corporation with its principal place of business located in Franklin County and the acts that give rise to this Complaint also arose in this judicial district.

13. Defendant Breck's Paving's business address is also 1367 Frank Rd., Columbus, Ohio 43223.

14. Defendants were and are jointly actively doing business in this judicial district during all times relevant. At all times relevant, Defendants have each jointly been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Chapter 4112.

15. During relevant times, Defendants maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

16. During relevant times, Defendants have mutually benefitted from the work performed by Named Plaintiff and those similarly situated.

17. During relevant times, Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and other similarly situated employees.

18. During relevant times, Defendants shared the services of Plaintiff and other similarly situated employees.

---

[1] *See* https://www.bbb.org/centralohio/business-reviews/paving-contractors/breck-s-paving-in-columbus-oh-4000020 as of July 19, 2017.

19. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Named Plaintiff and those similarly situated.

20. During relevant times, Defendants have been jointly involved in the operational decisions of each other.

21. During relevant times, Defendants have been jointly involved in the employment decisions of each other, including, but not limited to decisions about their wage and hour policies and practices that affect Plaintiff and all other similarly situated employees.

22. Upon information and belief, Defendants jointly operated/operate and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

23. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

### III. STATEMENT OF FACTS

24. At all times relevant, Plaintiff was paid on an hourly basis in the amount of approximately $20 per hour.

25. He primarily performed blue-collar job duties consisting of operating equipment and performing general construction work on behalf of Defendants during all times relevant.

26. Plaintiff neither primarily performed managerial duties nor supervised two or more employees. Plaintiff could not hire, fire, or discipline employees.

27. Plaintiff's primary job duties did not consist of the exercise of discretion and independent judgment with respect to matters of significance.

28. Thus, at all times relevant, Plaintiff was employed as a non-exempt hourly employee entitled to overtime wages for all hours worked in excess of forty (40) in any workweek.

29. During the past three years preceding the filing of this Complaint, Plaintiff regularly worked over (40) hours per week.

30. During all times relevant, Plaintiff was not paid time-and-a-half ("overtime rate") for all hours worked in excess of forty (40) resulting in unpaid overtime wages and other wages owed to Plaintiff because Defendants have an automatic meal deduction policy and/or practice whereby they deduct thirty (30) minutes per day from Plaintiff's compensable time even though Plaintiff did not receive an uninterrupted meal period in the amount of 30 minutes each day.

31. During the relevant time period, Defendants applied the same pay practices and policies to all hourly, non-exempt employees, including Plaintiff.

32. During the previous three years preceding this Complaint, Named Plaintiff was not paid for all of his compensable hours worked due to the aforementioned meal deduction policy even though employees did not receive an uninterrupted meal period.

33. Defendants knew or should have been aware that Plaintiff worked in excess of forty (40) hours in a workweek, but willfully elected not to compensate him for all hours worked in excess of forty (40) during the three years preceding the filing of this Complaint.

34. Defendants' failure to pay Plaintiff resulted in unpaid wages, including overtime wages, liquidated damages, costs, and attorneys' fees.

## IV. COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime and Other Wages.

35. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendants who performed general labor and worked over 40 hours in any workweek but were not properly compensated for all of their overtime hours worked under the FLSA because of Defendant's automatic meal deduction policy for the period beginning three years immediately preceding the filing of this Complaint (the "§216(b) Class" or the "§216(b) Class Members").

36. Examples of employees that may be members of the §216(b) Class include, but may not be limited to, general laborers, foremen, or equivalent positions primarily performing similar general labor job duties for Defendants.

37. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiff, numerous putative §216(b) Class Members have been denied proper overtime wages due to Defendants' company-wide payroll policies and practices. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of his interests as well as their own in bringing this action.

38. The identity of the putative §216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of

collectively adjudicating their claims for overtime and minimum wages, liquidated damages, attorneys' fees and costs under the FLSA.

39. The net effect of Defendants' policies and practices is that Defendants willfully failed to pay overtime wages and maintain proper recordkeeping to save payroll costs. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and the §216(b) Class Members.

## V. ALLEGATIONS PERTAINING TO PLAINTIFF AND THOSE SIMILARLY SITUATED

40. All of the preceding paragraphs are realleged as if fully rewritten herein.

41. During relevant times, Plaintiff and those similarly situated worked more than forty (40) hours per workweek, but were not compensated at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of 40 because of Defendants' automatic meal deduction policy.

42. During relevant times, Plaintiff and those similarly situated were not exempt from the overtime provisions of the FLSA and the Ohio Wage Act.

43. Plaintiff and those similarly situated have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein.

## VI. CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

44. All of the preceding paragraphs are realleged as if fully rewritten herein.

45. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the §216(b) Class.

46. During the three years preceding the filing of this Complaint, Defendants jointly employed the Named Plaintiff and the §216(b) Class Members.

47. Named Plaintiff and the §216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

48. Named Plaintiff and the §216(b) Class Members worked in excess of 40 hours in a workweek.

49. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

50. The FLSA requires that non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

51. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.1, *et seq*.

52. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR § 541.301.

53. Named Plaintiff and the § 216(b) Class Members routinely worked in excess of forty hours per week during the three years preceding the filing date of this lawsuit.

54. Named Plaintiff and the § 216(b) Class Members should have been paid the overtime premium for all hours worked in excess of forty hours per workweek.

55. Defendants violated the FLSA with respect to Named Plaintiff and the §216(b) Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates of pay for each hour worked over forty (40) hours in a workweek because they were not paid for time

spent working through the meal period deduction even though Defendants knew or should have known that Named Plaintiff and the § 216(b) Class Members did not receive an uninterrupted meal period of thirty (30) minutes each day in any workweek because they were performing substantial duties on behalf of Defendants.

56. Defendants knew or should have known that Plaintiff regularly worked in excess of forty (40) hours per week.

57. Accordingly, Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the §216(b) Class Members are entitled.

58. Defendants knowingly, willfully and jointly failed to pay Named Plaintiff and the §216(b) Class Members the overtime wages they were due.

59. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

60. As a direct and proximate result of Defendants' conduct, Named Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendants' willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## COUNT II
### (UNPAID OVERTIME PURSUANT TO THE OHIO WAGE LAW)

61. All of the preceding paragraphs are realleged as if fully rewritten herein.

62. This claim is brought under Ohio Law.

63. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

64. The Named Plaintiff and those similarly situated to the Named Plaintiff from Ohio worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid one and one-half times their regular hourly rate for all hours worked over 40 in a workweek.

65. Defendants' company-wide corporate policy of not properly paying their hourly, non-exempt one and one-half times their regular hourly rates of pay rates for each hour worked over forty (40) hours in a workweek because they were not paid for time spent working through the meal period deduction even though Defendants knew or should have known that Named Plaintiff and those similarly situated did not receive an uninterrupted meal period of thirty (30) minutes each day in any workweek because they were performing substantial duties on behalf of Defendants.

66. Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio Law.

67. Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendants acted willfully.

68. For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff

and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
## (VIOLATION OF OHIO'S PROMPT PAY ACT)

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. During relevant times, Defendants were entities covered by the OPPA and the Named Plaintiff and those similarly situated Ohioans have been employed by Defendants within the meaning of the OPPA.

71. The OPPA requires Defendants to pay Named Plaintiff and those similarly situated Ohioans all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

72. During relevant times, Named Plaintiff and those similarly situated Ohioans were not paid all wages, including overtime wages at one and one-half times his regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

73. The Named Plaintiff's and those similarly situated Ohioans' unpaid wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

74. Named Plaintiff and those similarly situated Ohioans have been harmed and continue to be harmed by such unpaid wages.

75. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
### (RACE/COLOR DISCRIMINATION – OHIO REVISED CODE § 4112.02, *et seq.*)

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. Plaintiff brings this cause of action on an individual basis.

78. Plaintiff is a member of a protected class from discrimination on the basis of race/color because he is African-American.

79. Defendants jointly employed Plaintiff for the purposes of Ohio Revised Code Chapter 4112.

80. At the time of his termination, Plaintiff was the only black foreman/general laborer.

81. At all times relevant hereto, Plaintiff was qualified for the position he held.

82. During Plaintiff's employment, similarly situated non-protected employees were treated more favorably than Plaintiff.

83. Specifically, Kevin Imer, Plaintiff's Supervisor ("Imer"), made various disparaging remarks of Plaintiff because of his race/color throughout his employment, including, but not limited to the following:

   a. Imer told Plaintiff he belongs in "nigger creek" (referencing a creek Imer explained was in Gatlinburg, Tennessee) like the "rest of them" (referring to black people);

   b. Imer told Plaintiff that black people are respectful to white people because of the Ku Klux Klan;

   c. Imer told Plaintiff that he should address Imer with "yes, sir" like the black people do in "nigger creek";

   d. Imer told Plaintiff that black people should not be in managerial positions; and

      e.      Imer told Plaintiff that he was going to "get rid of you because you are black and nothing but a problem."

84.     The above-referenced disparaging remarks were directed at Plaintiff immediately preceding the yearly interim break, which occurs from January through March each year.

85.     Upon Plaintiff's expected return to work at the end of March 2017 after the interim break,[2] like he had done for the past 23 years, Plaintiff received a phone call from Imer.

86.     During the phone call, Imer indicated to Plaintiff that "I am not bringing you back because you are a problem and upper management does not want a problem." In response, Plaintiff said, "aren't you upper management?" Imer replied, "Yeah, that's what I mean."

87.     At the time of his termination, Plaintiff had unblemished and lengthy work history. Nevertheless, Plaintiff was terminated by Imer who frequently expressed his animus towards Plaintiff and other individuals of his race/color as described above.

88.     By engaging in the preceding conduct, Defendants discriminated against Plaintiff, created a hostile work environment, terminated his employment, and/or otherwise treated him less favorably than other white employees in the terms, privileges, and conditions of employment, because of his race/color, in violation of Section 4112.02 of the Ohio Revised Code.

89.     Similarly situated Caucasian employees were not treated with the same indignity and did not otherwise receive the same unfavorable treatment as Plaintiff.

90.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to emotional distress, including, but not limited to frustration, humiliation, embarrassment, and the

---

[2] For clarification, Defendant's employees do not work from January through March each year for yearly shutdowns due to the seasonal downturn in business.

loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

91. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

92. At all times material herein, Defendants acted in conscious and/or reckless disregard for Plaintiff's rights, with great probability that its acts and omissions would cause substantial harm to Plaintiff.

### COUNT V
### (RETALIATION – OHIO REVISED CODE § 4112.02(I))

93. All of the preceding paragraphs are realleged as if fully rewritten herein.

94. In response to the racially-charged comments as described in this Complaint, Plaintiff verbally opposed being treated differently because of his race/color. He indicated to Imer that he did not appreciate being referred to as the "problem", he did not belong in "nigger creek" like the rest of "them", and that he would not be addressing Imer as "yes, sir" like the black people do in Gatlinburg, Tennessee, where the purported "nigger creek" is located.

95. As such, he engaged in protected activity.

96. Once Plaintiff engaged in the aforementioned protected activity, Defendants purposefully retaliated against Plaintiff by terminating his employment and/or not rehiring him upon return from the interim break.

97. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendants are liable.

98. Defendants' conduct was willful, wanton, reckless, and/or malicious for which Defendants are liable for compensatory damages, punitive damages, reasonable attorneys' fees and costs.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the § 216(b) Class pray for an Order as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. A declaratory judgment that Defendants' recordkeeping policies and practices alleged herein violate the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2, *et seq.*, and that Class Plaintiffs, the 216(b) Class Members are entitled to prove their hours worked with reasonable estimates;

D. Judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E. Judgment against Defendants for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

F. Directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H. Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled; and

I. Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiff requests judgment against Defendants for violations of the Ohio Wage Law and the OPPA, and for an Order:

J. Awarding to the Named Plaintiff and the Ohio members of the 216(b) Class unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

K. Awarding Named Plaintiff and the Ohio members of the 216(b) Class costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

L. Awarding Named Plaintiff, the Ohio members of the 216(b) Class such other and further relief as the Court deems just and proper;

M. Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the 216(b) Class during the applicable statutory period;

N. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the Ohio Acts;

**WHEREFORE**, as to **Counts IV** and **V,** the Plaintiff Parker individually requests judgment against Defendants as follows

O. Ordering Defendants to pay monetary relief in an amount sufficient to compensate Plaintiff for the wages and benefits lost;

P. Order Defendants to pay monetary relief in an amount sufficient to compensate Plaintiff for his emotional distress, including pain and suffering;

Q. Awarding Plaintiff's costs and reasonable attorneys' fees associated with this action;

R. Order Defendants to pay Plaintiff monetary relief in an amount sufficient to compensate Plaintiff for future wages and benefits lost;

S. Ordering Defendants to pay punitive damages;

T. Ordering Defendants to pay pre-judgment interest and post-judgment interest;

U. Injunctive relief prohibiting Defendants from engaging in present, ongoing, and future violations of Ohio Revised Code § 4112, *et seq.* in the form of terminating employment and/or retaliating against individuals on the basis of their race/color; and

V. Directing such other and further relief as the Court may deem just or appropriate.

Respectfully submitted,

/s/ *Matthew J.P. Coffman*_____
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

/s/ *Daniel I. Bryant*_____
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial of eight (8) persons to hear all issues so triable.

/s/ *Matthew J.P. Coffman*____
Matthew J.P. Coffman (0085586)