# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GARRY PARKER, individually and on behalf of all other similarly situated individuals,**

      **Plaintiff,**

v.

**BRECK'S RIDGE, LLC, et al.,**

      **Defendants.**

Case No. 2:17-cv-633
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Garry Parker's Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b) [ECF No. 11]. For the following reasons, Parker's Motion is **GRANTED**.

### I.

Parker alleges that he worked for Defendants Breck's Ridge, LLC ("Breck's Ridge") and Breck's Paving, Inc. ("Breck's Paving") as a foreman and/or general laborer from approximately April 1994 to March 2017. (Parker Decl. ¶ 2 [ECF No. 11-2].) Foremen and general laborers are hourly, non-exempt employees. (*Id.* ¶ 5.) Parker, like other foremen and general laborers, operated equipment for the installation and maintenance of asphalt in paving operations and completed miscellaneous construction-related labor. (*See id.* ¶ 3.) In the three years before Parker filed this suit, Defendants allegedly failed to pay Parker and other foremen and general laborers sufficient overtime wages because of Defendants' use of an automatic meal break deduction system. (*See id.* ¶¶ 6–7.) The system automatically deducted thirty minutes from the

compensable time worked by foremen and general laborers even though Defendants purportedly knew that its employees were often required to work through lunch and therefore did not receive an uninterrupted thirty-minute meal break. (*See id.* ¶¶ 7–10.)

Parker brought this case on July 20, 2017. He asserts five claims: (1) a Fair Labor Standards Act ("FLSA") collective action; (2) an Ohio Minimum Fair Wage Standards Act claim; (3) an Ohio Prompt Pay Act claim; (4) an Ohio-law race/color discrimination claim; and (5) an Ohio-law retaliation claim. (Compl. ¶¶ 44–98 [ECF No. 1].) Parker brings his FLSA collective action on behalf of himself and all other similarly situated individuals, namely:

> All current and former non-exempt employees of Defendants who performed general labor and had an automatic meal deduction applied in any workweek that they were scheduled and worked over 40 hours for the period beginning three years immediately preceding the filing of [the Motion for Conditional Certification] until final disposition of this case.

(Mot. for Conditional Cert. at 4 [ECF No. 11].)

In his current Motion, Parker requests that the Court (i) conditionally certify the FLSA class defined above, (ii) direct Defendants to provide, within fourteen days of the Court's order, an electronic list of the names, addresses, and email addresses of all the potential opt-in plaintiffs, and (iii) implement a procedure for sending Court-approved notice to potential opt-in plaintiffs. (*See* Mot. for Conditional Cert. at 1.)

Defendant Breck's Ridge opposes Parker's request for conditional certification. (Mem. in Opp'n to Mot. for Conditional Cert. at 1 [ECF No. 13].) Breck's Ridge also objects to several aspects of Parker's proposed opt-in notice. (*Id.*)

## II.

The FLSA requires that employers pay at least a specified minimum wage for each hour worked. *See* 29 U.S.C. § 206; *Chao v. Tradesmen Int'l, Inc.*, 310 F.3d 904, 907 (6th Cir. 2002).

It also requires that employers pay overtime to employees who work more than forty hours per week. *See* 29 U.S.C. §§ 207(a)(1), 213; *Jungkunz v. Schaeffer's Inv. Research Inc.*, No. 1:11-cv-00691, 2014 WL 1302553, at *5 (S.D. Ohio Mar. 31, 2014).

This case involves automatic meal deductions—a type of system that the Sixth Circuit has found to be lawful under the FLSA. *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 873 (6th Cir. 2012). An employer, however, cannot circumvent its fair pay obligations by simply designating work time as a meal break and then deducting that time from an employee's hours. *See id.* If an employer "'knows or has reason to believe that [an employee] is continuing to work'" during a period designated as a meal break, the break period is compensable work time under the FLSA. *Id.* (quoting 29 C.F.R. § 785.11). But when an employer establishes a reasonable process for an employee to report uncompensated work time, the employer is not liable for non-payment if the employee fails to follow the established process. *Id.* at 876.

To recover unpaid compensation owed under the FLSA, employees can collectively sue their employer. *See* 29 U.S.C. § 216(b). The FLSA establishes two requirements for a collective action. *See id.* The plaintiffs must (1) be "similarly situated" and (2) signal in writing their affirmative consent to participate in the action. *Id.*; *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). "[C]ourts generally employ a two-tiered certification approach for deciding whether a suit can proceed as a collective action." *Jungkunz*, 2014 WL 1302553, at *6.

During the first stage, which generally takes place prior to or at the beginning of discovery, the Court must determine whether to conditionally certify the FLSA class and whether notice of the lawsuit should be given to putative class members. *Jungkunz*, 2014 WL 1302553, at *6. Because the Court has minimal evidence at this stage, the determination is made using a fairly lenient standard that typically results in conditional certification. *Swigart v. Fifth Third*

3

*Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011). A plaintiff need only make a "modest factual showing" that he is similarly situated to the putative class members. *Jungkunz*, 2014 WL 1302553, at *6 (internal quotation marks omitted). A plaintiff can make this showing by demonstrating that he and the other putative class members "'suffer from a single, FLSA-violating policy' or [that] their claims are 'unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-cv-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)). If the Court conditionally certifies the FLSA class, notice is distributed to the class, putative class members return the opt-in forms sent to them, and the parties conduct discovery. *See Jungkunz*, 2014 WL 1302553, at *6.

The second stage of the certification process comes after discovery has concluded. *Jungkunz*, 2014 WL 1302553, at *6. During that stage, the defendant may file a motion to decertify the class, and the Court will reconsider, with greater scrutiny, whether the putative class members are actually similarly situated. *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *3 (S.D. Ohio Feb. 26, 2015).

A.  **Conditional Certification**

Parker requests that the Court conditionally certify his proposed FLSA class. Breck's Ridge, however, urges the Court to deny Parker's request. It contends that Parker is not similarly situated to the proposed FLSA class. (*See* Mem. in Opp'n to Mot. for Conditional Cert. at 2–4 [ECF No. 13].) It argues that Parker has not sufficiently alleged a singular FLSA-violating policy. (*See id.* at 4–5.) And it avers that Parker has failed to produce evidence of similarly situated individuals who desire to join this litigation. (*See id.* at 5.) These arguments lack merit.

4

1. **Similarly Situated**

Breck's Ridge insists that Parker is not similarly situated to the putative FLSA class members because Parker "was a foreman-supervisor and it was his responsibility to make sure that any members of his crew who missed their meal period[] be properly compensated." (Mem. in Opp'n to Mot. for Conditional Cert. at 2.) According to Breck's Ridge, foremen were responsible for ensuring that crew members took their meal periods and for indicating on timecards if crew members worked through lunch. (*See id.* at 2–4.)

This argument cannot defeat Parker's request for conditional certification. As a foreman, Parker may have been responsible for indicating on timecards whether crew members worked through lunch. But Parker disputes the assertion, (*see* Reply in Supp. of Mot. for Conditional Cert. at 6 n.3 [ECF No. 15]), and this Court has consistently declined to resolve factual disputes at the conditional certification stage, *Hamm*, 2017 WL 5499874, at *8.

And even if the Court were to accept that foremen such as Parker were responsible for marking crew members' timecards, the Court would still grant conditional certification. Irrespective of whether foremen were responsible for marking timecards, foremen and general laborers allegedly suffered the same FLSA violation: automatic meal break deductions. (*See* Parker Decl. at 1–2 [ECF No. 11-2].)

The timecard argument suggests, at most, that proof of Defendants' statutory violations will be individualized and distinct to each class member. Each class member, in other words, would need to show that he followed Defendants' procedure for reporting work completed during a meal period. *See White*, 699 F.3d at 876. This showing, however, is not required at the conditional certification stage. *See Hamm*, 2017 WL 5499874, at *8 ("When considering a pre-discovery motion for conditional certification, the Court does not generally consider the merits of

the claims . . . ."); *Ford*, 2016 WL 2729700, at *2 (indicating that conditional certification is appropriate even if proof of the class members' theory of recovery "is inevitably individualized and distinct").

Breck's Ridge attempts to bolster its timecard argument with a citation to a case from the District of Connecticut, *Hendricks v. J.P. Morgan Chase Bank, N.A.*, 263 F.R.D. 78 (D. Conn. 2009). (*See* Mem. in Opp'n to Mot. for Conditional Cert. at 4.) In *Hendricks*, the court declined to certify the proposed class because, among other issues, only some of the putative class members had supervisory responsibilities. (*See id.*) Noting that only some of the putative class members here have supervisory responsibilities—the foremen—Breck's Ridge analogizes this case to *Hendricks*. (*See id.*)

*Hendricks* does not support Breck's Ridge's effort to differentiate foremen (including Parker) from general laborers. Unlike the putative class members here, who are all either foremen or general laborers performing the same primary job duties, (*see* Parker Decl. ¶ 3 [ECF No. 11-1]), the putative class members in *Hendricks* held "a wide variety of positions and perform[ed] a wide variety of job duties," *Hendricks*, 263 F.R.D. at 84 (internal quotation marks omitted). And whereas the common theory of Defendants' FLSA violations here stems from an automatic meal deduction system that allegedly applied to foremen and general laborers, the common theory connecting the plaintiffs' claims in *Hendricks* was that the defendant purportedly misclassified certain employees as exempt from overtime pay. *See id.* at 79, 81–82. That is, in *Hendricks*, unlike here, employee job functions and responsibilities were central to the analysis of whether the named plaintiffs were similarly situated to the putative class members because those functions and responsibilities determined whether the defendant misclassified its employees as exempt.

6

The standard the *Hendricks* court applied to the plaintiffs' certification request also distinguishes that case from this one. Whereas this Court is applying a conditional certification standard, the *Hendricks* court proceeded under the more stringent second stage certification standard because the parties in that case had already completed extensive discovery. *See Hendricks*, 263 F.R.D. at 83.

To obtain conditional certification, Parker need only make a modest factual showing that he is similarly situated to the putative class members. *See Comer*, 454 F.3d at 546–47. Parker has made that showing through a declaration stating that his and the putative class members' claims are unified by a common theory—that for the past three years Defendants automatically deducted thirty minutes of work time per day for an uninterrupted meal break that Parker and his fellow foremen and general laborers rarely received. (*See* Parker Decl. at 1–2.)

2.  **Singular Policy**

Breck's Ridge argues that Parker has not sufficiently alleged a singular FLSA-violating policy. (*See* Mem. in Opp'n to Mot. for Conditional Cert. at 4–5 [ECF No. 13].) It contends that a statement Parker made in his declaration "[up]on information and belief" is insufficient to allege a singular policy. (*Id.* at 4 (internal quotation marks omitted).) Parker stated:

> Upon information and belief, all of the hourly, non-exempt employees of Defendants employed in the positions of foreman and/or general laborers are subject to the same payroll policies and procedures.

(Parker Decl. ¶ 6 [ECF No. 11-2].)

Assuming that a statement made upon information and belief is insufficient to satisfy the modest factual showing required at the conditional certification stage, the Court nonetheless finds that Parker has shown, through other statements in his declaration, that he is similarly situated to the putative class members. To show that he is similarly situated, Parker does not

7

need to demonstrate that he and the putative class members suffered from a single, FLSA-violating policy; it is sufficient for him to demonstrate that his and the putative class members' claims are "'unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Ford*, 2016 WL 2729700, at *2 (quoting *O'Brien*, 575 F.3d at 585). Parker has made this showing in his declaration. He states:

> 7. During the Relevant Time Period, Defendants did not pay myself and others time-and-a-half ("overtime") for all hours worked in excess of forty (40) in any workweek resulting in unpaid overtime wages as a result of Defendants' meal deduction policy and/or practice of deducting thirty (30) minutes per day from the compensable time of all hourly, non-exempt foremen and/or general laborers even though we did not receive an uninterrupted meal period in the amount of thirty (30) minutes.
>
> 8. Although a 0.5-hour meal break was deducted from our daily hours worked, myself and other hourly, non-exempt foremen and/or general laborers were regularly not provided with an uninterrupted meal break.
>
> 9. Rather, myself and other hourly, non-exempt foremen and/or general laborers were required to perform job duties and be available to perform job duties for the entire duration of our shift. Due to the automatic deductions, myself and other hourly, non-exempt foremen and/or general laborers were not paid for all hours worked.

(Parker Decl. ¶¶ 7–9.) These statements were not made upon information and belief, and they demonstrate that Parker and the putative class members' claims are unified by a common theory of Defendants' FLSA violations.

Breck's Ridge next explains that there were actually three separate time keeping systems used in the last three years: a system used by Breck's Paving prior to that company's purchase by Breck's Ridge in April 2016; a time clock used by Breck's Ridge from April 2016 through December 2016; and an electronic time keeping system that Breck's Ridge implemented in 2017. (*See* Fissel Decl. ¶¶ 3–4, 10 [ECF No. 13-1]; Mem. in Opp'n to Mot. for Conditional Cert. at 4–5.) Breck's Ridge argues that Parker "is not a proper class representative" because he was not

8

employed by Defendants when the new electronic time keeping system was implemented. (Mem. in Opp'n to Mot. for Conditional Cert. at 5.)

Although Parker may not have worked under the electronic time keeping system, Parker and the putative class members are similarly situated. Their claims are unified by a common theory of Defendants' FLSA violations—that for the past three years Defendants automatically deducted 30 minutes of work time each day for uninterrupted meal breaks that, according to Parker, foremen and general laborers rarely received. (*See* Parker Decl. at 1–2.) Breck's Ridge acknowledges that it deducted 30 minutes per day to account for employees' meal breaks. (Fissel Decl. ¶ 6.) And Breck's Ridge has not offered any evidence to suggest that automatic meal deductions ceased under the electronic system. That Parker had meal breaks automatically deducted under a paper-based system whereas some putative class members had meal breaks automatically deducted under an electronic system does not make Parker dissimilar to the putative class members.

Breck's Ridge also contends that the time keeping practices prior to April 2016 "have no impact on and cannot state a claim against [it]" because Breck's Paving was operating the company then. (Mem. in Opp'n to Mot. for Conditional Cert. at 4.) But this argument goes to the merits of Parker's claims (i.e., whether Breck's Ridge, Breck's Paving, or both are liable to Parker) and is not appropriately considered in the present motion for conditional certification. *See Hamm*, 2017 WL 5499874, at *8; *Murton v. Measurecomp, LLC*, No. 1:07CV3127, 2008 WL 5725631, at * 4 (N.D. Ohio June 9, 2008) ("Generally, courts have left assessment of disparate factual and employment settings of individual class members to the second stage of the analysis.").

### 3. Interest in Joining the Suit

Breck's Ridge argues that Parker cannot obtain conditional certification for his proposed FLSA class unless he shows that other similarly situated individuals desire to opt into the litigation. (Mem. in Opp'n to Mot. for Conditional Cert. at 5 [ECF No. 13] (citing *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164–65 (D. Minn. 2007)).) There is, however, no requirement in the Sixth Circuit that a plaintiff seeking conditional certification first identify class members interested in joining the collective action. *See Hamm*, 2017 WL 5499874, at *9 ("[T]his Court has granted pre-discovery motions for conditional certification supported by only the declarations of named plaintiffs."); *Martin v. Psalms, Inc.*, No. 2:10-cv-02532, 2011 WL 2882387, at *8 (W.D. Tenn. July 15, 2011) ("[T]he Sixth Circuit has neither required [a showing of interest by putative class members], nor held that such a showing is not required."); *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 840 (N.D. Ohio 2011) ("[C]ourts have not traditionally required a plaintiff seeking conditional certification to come forward with some threshold quantity of opt-in plaintiffs . . . ."). And the Court declines to impose such a requirement here.

Through his declaration, Parker has sufficiently shown that there are putative class members—and that he is similarly situated to them. Conditional certification is therefore warranted.

### B. Opt-In Notice

Parker requests that the Court approve his proposed opt-in notice and procedure for disseminating the notice to the putative FLSA class members. (*See* Mot. for Conditional Cert. at 17–19 [ECF No. 11].) Breck's Ridge, in turn, objects to several aspects of the proposed notice and notice procedure. (*See* Mem. in Opp'n to Mot. for Conditional Cert. at 5–6 [ECF No. 13].)

10

Courts have authority to supervise notice to putative class members. *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 870 (S.D. Ohio 2011). "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

First, Breck's Ridge disagrees with Parker about the number of days it should have to identify the putative class members and convey to Parker contact information for those individuals. Parker proposes fourteen days. (Mot. for Conditional Cert. at 19.) Breck's Ridge, noting the small size of its administrative staff, asks for thirty. (Mem. in Opp'n to Mot. for Conditional Cert. at 5.) Balancing the administrative burden faced by Breck's Ridge with Parker's need to inform potential opt-in plaintiffs of this case as soon as possible, the Court will direct Breck's Ridge to convey the requested contact information to Parker within twenty-one days from the date of this Opinion and Order.

Second, Breck's Ridge takes issue with the recipient list for the proposed notice. Breck's Ridge reads the recipient list to mean that the notice will be sent to "**all** employees of Defendant who were not compensated for hours worked over forty (40) in a work week." (Mem. in Opp'n to Mot. for Conditional Cert. at 5 (emphasis in original).) Breck's Ridge asserts that the notice should be sent only to general laborers and foremen, as those are the groups that Parker discussed in his declaration and Motion for Conditional Certification. (*See id.* at 5–6.)

Breck's Ridge appears to have misinterpreted Parker's position. In the Motion for Conditional Certification, Parker proposes that the notice be sent to "[a]ll current and former non-exempt employees of Defendants **who performed general labor** and had an automatic meal deduction applied in any workweek that they were scheduled and worked over 40 hours." (Mot. for Conditional Cert. at 19 (emphasis added).) When read in its true, narrower form, the

11

recipient list covers only the groups that Parker has shown he is similarly situated to—general laborers and foremen. (*See id.*) Breck's Ridge's objection is unfounded.

Third, Breck's Ridge contends that it should not have to give the putative class members' email addresses to Parker. (Mem. in Opp'n to Mot. for Conditional Cert. at 6.) Breck's Ridge accurately notes that courts generally approve only a single method of notification unless there is a reason to believe that method is ineffective. *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1074 (S.D. Ohio 2016). The trend in this Court, however, is to allow notice by mail and email to ensure that putative class members receive notice of the pending action. *See Wysincavage v. Penn Nat'l Gaming, Inc.*, No. 2:16-cv-1063, 2017 WL 5129003, at *7 (S.D. Ohio Oct. 23, 2017); *see also Conklin v. 1-800 Flowers.com, Inc.*, No. 2:16-cv-675, 2017 WL 3437564, at *5 (S.D. Ohio Aug. 10, 2017) ("[E]-mail notice 'appears to be in line with the current nationwide trend' and 'advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit.'" (quoting *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 WL 853234, at *5 (S.D. Ohio Feb. 26, 2015))); *Hamm*, 2017 WL 5499874, at *12 (stating that several judges in the Southern District of Ohio have ordered that notice be sent by U.S. mail and email to former employees); *Fenley*, 170 F. Supp. 3d at 1074 ("[T]his Court has previously allowed plaintiffs to send notice by ordinary mail and electronic mail in the interest of judicial economy."). The Court follows this trend and will allow mail and email notice to the putative class members. The use of two methods will (i) increase the likelihood that all potential opt-in plaintiffs receive notice of the suit and (ii) likely obviate the need to resend notice if an employee's home address is inaccurate. *See Conklin*, 2017 WL 3437564, at *5; *Lutz v.*

*Huntington Bancshares Inc.*, No. 2:12-cv-1091, 2013 WL 1703361, at *7 (S.D. Ohio Apr. 19, 2013).

And fourth, Breck's Ridge argues that it should not have to give the putative class members' telephone numbers to Parker. (Mem. in Opp'n to Mot. for Conditional Cert. at 6.) Given that Parker does not request telephone numbers, (*see* Mot. for Conditional Cert. at 19), this concern is moot.[1]

### III.

For these reasons, Parker's Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b) [ECF No. 11] is **GRANTED**.

The Court **CONDITIONALLY CERTIFIES** the following FLSA class: All current and former non-exempt employees of Defendants who performed general labor and had an automatic meal deduction applied in any workweek that they were scheduled and worked over 40 hours for the period beginning three years immediately preceding the filing of the Motion for Conditional Certification until final disposition of this case.

Within **TWENTY-ONE (21) DAYS** of the issuance of this Opinion and Order, Defendants shall identify all putative class members by providing a list in electronic and importable format of the names, addresses, and (if known) email addresses of all current and former employees fitting the class description above.

The Court **APPROVES** Parker's proposed opt-in notice [ECF No. 11-1] for distribution to the putative class members. Within **FOURTEEN (14) DAYS** of receiving the putative class

---

[1] As an aside, the last paragraph of Section VI of the proposed notice contains a typo that Parker should correct. The paragraph states, in relevant part: "By joining this lawsuit, you are designating *then* attorneys identified in Section VIII to represent your interest." (Proposed Opt-In Notice § VI [ECF No. 11-1] (emphasis added).)

members' contact information from Defendants, Parker shall send the notices via U.S. mail and (if possible) email. The putative class members shall then have **FORTY-FIVE (45) DAYS** from the date that Parker sends the notices to join this litigation.

**IT IS SO ORDERED.**

1-24-2018
**DATE**

**EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE**