IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARRY PARKER,**

    **Plaintiff,**

                                             **Case No. 2:17-cv-633**
                                             **Chief Judge Edmund A. Sargus, Jr.**
    **v.**                                    **Chief Magistrate Judge Elizabeth P. Deavers**

**BRECK'S RIDGE, LLC,**
*et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Combined Emergency Motion to File First Amended Collective and Class Action Complaint and Motion to Extend Case Schedule (ECF No. 42), Defendant Breck's Ridge, LLC's Memorandum Contra (ECF No. 44), Defendant Breck's Paving, Inc.'s Response in Opposition and Affidavit (ECF Nos. 45 and 46), and Plaintiff's Reply (ECF No. 47). For the reasons that following, Plaintiff's Combined Emergency Motion (ECF No. 42) is **DENIED**.

**I.**

Plaintiff filed this action on July 20, 2017, on behalf of himself and those similarly situated of current and former general laborer employees of Defendants Breck's Ridge, LLC ("Breck's Ridge") and Breck's Paving, Inc. ("Breck's Paving") (collectively, "Defendants"). (ECF No. 1.) Plaintiff alleges that employees were not compensated at a rate of one-and-one-half times their regular rate of pay for all hours worked over forty in any workweek. (*Id.*) Plaintiff asserts that they are owed unpaid overtime and other wages due to Defendants' policy or practice of deducting time from Plaintiff for a meal period even though Plaintiff alleged that

they did not have a bona fide meal period because they performed substantial duties on behalf of Defendants, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Ohio law. (*Id.*) Plaintiff also asserts an individual claim for race discrimination pursuant to Ohio Revised Code Chapter 4112, *et seq.* (*Id.*) Defendants deny liability for Plaintiff's claims. (ECF Nos. 3 and 8.)

On May 7, 2018, the Court issued an order pursuant to Federal Rule of Civil Procedure 16(b), directing, *inter alia*, that any motion to amend the pleadings or to join additional parties be filed by August 1, 2018, that any motion for class certification be filed by November 1, 2018, that all discovery be completed by March 1, 2019, and that case-dispositive motions be filed by April 15, 2019. (ECF No. 22 at 2.)

On February 6, 2019, the Court denied without prejudice Plaintiff's request to extend certain case deadlines for failure to first confer with opposing counsel in accordance with Southern District of Ohio Civil Rule 7.3(a). (ECF No. 27.) Plaintiff filed an amended motion to extend the case schedule (ECF No. 30), which the Court granted despite the lack of good cause. (ECF No. 31.) The Court granted the motion on the express condition that the extension would not impact any deadline established in the Chief District Judge's Order (ECF No. 23). (*Id*. at 2 n.2.) (cautioning the parties against seeking future extensions of the briefing in connection with any forthcoming motion for class certification or dispositive motions that may impede the ability of the Chief Judge to resolve fully briefed motions prior to the settlement conference set for November 4, 2019). The Court therefore extended the deadline for completing discovery to May 1, 2019; the deadline for filing dispositive motions to June 14, 2019. (*Id*. at 2–3 (advising further that the Court will deny any future request to modify the case schedule that is not supported by good cause. Fed. R. Civ. P. 16(b)(4)).)

On May 1, 2019, Plaintiff filed the Emergency Motion, seeking leave to file an Amended Complaint to include the following: (1) individual liability as to Kevin and Barb Bloxam of Breck's Paving; (2) additional unpaid overtime claims (*i.e.* failure to fully pay its employees for all hours worked as well as at the correct regular rate of pay due to production bonuses) against Breck's Paving; (3) successor-in-interest facts as to Breck's Ridge; (4) individual liability as to Mark Fissell of Breck's Ridge due to his intimate control and decision-making over the day-to-day activities of its employees; and (5) additional unpaid overtime claims (*i.e.* failure to fully pay its employees for all hours worked to its Pay-to-Shift/Wage Theft Policy outlined above and its failure to pay its employees at the correct regular rate of pay for purposes of calculating overtime compensation) against Breck's Ridge. (ECF Nos. 42, 47.) Plaintiff also seeks to extend the case schedule by 75 days. (*Id.*) Defendants oppose the Emergency Motion, which is now fully briefed and ripe for resolution. (ECF Nos. 42, 44, 45, 46, 47.)

## II.

Although Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings, when, as here, a motion to amend is brought after the deadline set within the court's scheduling order, a party must satisfy the standards of both Rule 15(a) and 16(b)(4). *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016) (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). "Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff *first* must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)." *Commerce Benefits Grp. Inc. v. McKesson Corp*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (emphasis added); *cf. Johnson v. Metro. Gov't of Nashville & Davidson*

3

*Cnty.*, Nos. 10-6102 & 11-5174, 2012 WL 4945607, at *17 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

Under Rule 16(b)(4), the Court will modify a case scheduling "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 (quoting 1983 advisory committee notes to Fed. R. Civ. P. 16) ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"). Finally, the Court must also consider "potential prejudice to the nonmovant . . . ." *Leary*, 349 F.3d at 909. Even if an amendment would not prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010); *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15(a). *Commerce*, 326 F. App'x at 376. Pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal

4

policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). In determining prejudice, the Court examines "whether the assertion of the new claim would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McLellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

**III.**

The Court finds that Plaintiff has failed to demonstrate good cause under Rule 16(b)(4). As previously explained, the key inquiry is whether Plaintiff was diligent in his efforts to timely move to amend the Complaint. In May or June 2018, Plaintiff served his first set of written discovery on Defendants. (ECF No. 42 at 6; ECF No. 44 at 2; ECF No. 45 at 8.) After securing extensions for responding, Breck's Ridge served its responses and objections on August 29, 2018. (ECF No. 42 at 6; ECF No. 44 at 2.) Breck's Paving represents that the parties agreed to extend the response dates to discovery requests (ECF No. 45 at 8) and produced its discovery responses on March 26, 2019 (ECF No. 42). While Plaintiff now apparently complains that it did not receive Defendants' responses until months after he served the requests (ECF No. 42 at 6; ECF No. 47 at 1–2), the present record does not establish that Plaintiff took any steps to secure the purportedly belated responses even presuming he did not agree to extend the response dates.

5

In addition, although Plaintiff contends that Breck's Ridge's discovery responses were deficient and incomplete, he did not complain of such deficiencies for over five months. Specifically, Plaintiff did not notify Breck's Ridge of any deficiencies in its responses (served on August 29, 2018) until early February 2019, just weeks before the originally-scheduled discovery deadline. (ECF No. 44 at 2; ECF No. 47 at PAGEID #387.)

Similarly, Plaintiff delayed without justification in deposing Defendants' representatives. The record reflects that the first time Plaintiff asked for dates to depose these representatives was late January or early February 2019, just before the original discovery cut-off of March 1, 2019. (ECF No. 44-3 at PAGEID # 339 (Plaintiff's counsel's email dated January 24, 2019, stating, *inter alia*, that "We will need to extend the current deadlines so that the parties can complete discovery — we will need at least a [Rule] 30(b)(6) deposition of your client and the other defendant[.]"); ECF No. 47 at PAGEID # 388 (Plaintiff's chart of events reflecting that he first requested dates for Defendants' Rule 30(b)(6) depositions on February 1, 2019).) On January 28, 2019, counsel for Breck's Ridge offered three available dates: February 22, 25, or 28, 2019. (ECF No. 44-3 at PAGEID # 338.) While Plaintiff represents that Breck's Ridge's counsel on February 11, 2019, advised that February 22, 2019, was no longer an available deposition date (ECF No. 47 at PAGEID # 388), Plaintiff does not explain why the deposition could not have proceeded on February 25 or 28.[1] Even if those dates in February were unavailable, Plaintiff blames Breck's Ridge's counsel for being unable to depose its representative until late April 2019 (*see* ECF No. 47 at PAGEID # 381 ("Breck's Ridge's counsel could not defend Breck's

---

[1] Plaintiff purports to quote from emails or letters from defense counsel but does not attach all of those letters to his reply memorandum. (*Id*.) He represents that defense counsel preferred to postpone until March 28 or April 1–5, 2019. (*Id*.) Because Plaintiff does not attach the letter or email, it is not clear from the record whether the depositions could have proceeded on February 25 or 28, 2019.

Ridge's deposition until later March [] and into April due to his trial obligations") (citing Exhibit A, attached thereto), but Plaintiff's representation omits that Breck's Ridge's counsel offered April 4, 2019, as a date to depose designees other than Mr. Fissel:

> I began a two-week jury trial on Monday. In an effort to keep this matter moving, I have asked my assistant to get this message to you. Enclosed is the notice of deposition for Mr. Parker. Also, enclosed is the Rule 30(b)(6) designations. Mr. Fissel is no longer available for April 4, but I suggest you depose other designees that day so you can get started; I think they would be available. Let me know and I will confirm. It is hard enough to coordinate dates and I do not want to lose these.

(ECF No. 47-1 at PAGEID # 406.)

Plaintiff goes on to complain that "the Court should not punish Plaintiff for having complete discovery responses . . . and the opportunity to depose Defendants." (ECF No. 47 at PAGEID # 394.) However, as set forth above, Plaintiff failed to make any attempt to secure discovery responses from Breck's Paving for months and notified Breck's Ridge of deficiencies in its responses (served in August 2018) as recently as February 2019. This record does not establish that Plaintiff acted with the diligence necessary to establish good cause.

Although the Court's diligence finding is dispositive of this issue, the Court notes further that, for the reasons discussed above, Plaintiff has demonstrated an undue delay in filing under Rule 15(a). *See Phelps*, 30 F.3d at 662–63. In addition, Defendants would likely suffer prejudice should the Court permit amendment. As Defendants point out, supplementing Plaintiff's Complaint to add new claims and new parties at this stage of the case would require serving the new Defendants which would significantly delay resolution of this action.[2]

---

[2] The Court notes that Plaintiff did not attach a copy of the proposed Amended Complaint and dismisses Defendants' concerns about this failure as "not relevant." (ECF No. 47 at PAGEID ## 392–93.) The Court disagrees. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Normally, a party seeking an amendment should attach a copy of the amended complaint.") (finding no abuse in discretion in denying leave to amend where the plaintiffs "did not present an adequate motion and because they did not attach a copy of their

In short, because of the dilatory nature of the filing as well as the prejudice that Defendants would suffer in this matter's current posture, Plaintiff's Emergency Motion is not well-taken. *Phelps*, 30 F.3d at 662–63.

## IV.

In light of Plaintiff's lack of diligence and the likely prejudice to Defendants, the Court finds that Plaintiff has failed to demonstrate good cause as required under Rule 16(b)(4) and, for these reasons discussed in detail above, justice requires denying leave to amend. Accordingly, Plaintiff's Emergency Motion (ECF No. 42) is **DENIED**.

**IT IS SO ORDERED.**

Date: May 23, 2019                                             /s/ *Elizabeth A. Preston Deavers*
                                                               ELIZABETH A. PRESTON DEAVERS
                                                               CHIEF UNITED STATES MAGISTRATE JUDGE

---

amended complaint"). Here, Plaintiff describes to some extend his proposed amendments but the exact nature and scope of the proposed amendments are unclear. Notably, the undersigned conducted a status conference on May 16, 2019, to clarify, among other things, whether Plaintiff intended to add new Plaintiffs. (ECF No. 49.)