**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Garry Parker, | * | |
| | | Case No. 2:17-cv-0633 |
| On behalf of himself and other members of the general public similarly situated, | * | |
| | | Chief Judge Edmund A. Sargus, Jr. |
| | * | |
| | | Magistrate Judge Elizabeth P. Deavers |
| Plaintiff, | * | |
| v. | | |
| | * | |
| Breck's Ridge, LLC, et al., | | |
| | * | |
| Defendants. | | |
| | * | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiff Garry Parker ("Plaintiff") and Defendant Breck's Ridge, LLC ("Defendant" or "Breck's Ridge") (collectively hereinafter the "Parties") jointly file their Joint Motion for Approval of Settlement and Order of Dismissal with Prejudice seeking this Court's approval of the Confidential Agreement and Release of All Claims (hereinafter the "Settlement Agreement") entered by the parties and attached hereto as **Exhibit A**. A proposed order granting this motion will be sent via e-mail to chambers for the Court's convenience.

### I. Background

Plaintiff filed this action in the United States District Court for the Southern District of Ohio, Eastern Division on July 20, 2017. Plaintiff's complaint alleged that Defendants jointly violated the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, §§ 4111, *et seq.* ("OMFWSA"), and the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA") (all Ohio claims together hereinafter the "Ohio Wage Laws") by failing to pay the minimum amounts required under the FLSA and the Ohio Wage Laws, including overtime wages to Plaintiff and

similarly situated employees. Further, Plaintiff also alleged he was wrongfully terminated by Defendant on the basis of his race/color in violation of Ohio Revised Code § 4112.02, *et seq.* (ECF No. 1.) Defendant filed its Answer denying the allegations contained in Plaintiff's Complaint on September 18, 2017. (ECF No. 3)

Thereafter, Plaintiff filed his Motion for Conditional Certification (ECF No. 11) and Breck's Ridge opposed the Motion (ECF No. 13). The Court granted Plaintiff's Motion for Conditional Certification. (ECF No. 16) After the opt-in period and written discovery, 2 Opt-In Plaintiffs remained. The Parties engaged in substantial discovery, including exchange of written discovery, relevant employment data concerning Plaintiff's claims as well as the Opt-In Plaintiffs' claims, and discovery deficiency letters. Breck's Ridge took Plaintiff's deposition and depositions of the 2 Opt-Ins. Plaintiff took depositions of Breck's Ridge's corporate designee. Throughout discovery, Plaintiff's counsel received, reviewed, and analyzed the relevant employment data, and presented a demand to Defendant. After the close of discovery, the Parties engaged in brief settlement negotiations, but were ultimately not able to reach a resolution. As such, Defendant moved for summary judgment and also moved to de-certify the FLSA Class (ECF No. 62). Plaintiff opposed summary judgment and de-certification. The Court ultimately denied Defendant's motion for summary judgment and de-certification of the FLSA Class.

On November 4, 2019, the Parties engaged in further settlement negotiations before the Honorable Chief Judge Edmund A. Sargus, Jr. at the Final Pre-Trial Conference. During the conference, the Parties' counsel continued detailed legal and factual analyses of the claims, assessed potential risks and benefits of proceeding to trial, and, after further back and forth negotiations, there remained a bona fide dispute over Plaintiff's claims. As a result, the Parties

were ultimately able to reach a resolution, which is contained in the fully executed Settlement Agreement attached hereto as Exhibit A. All parties have signed the Settlement Agreement.

## II. The Court Should Approve the Settlement

A court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness". *Lynn's Food Stores, Inc.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Landsberg v. Acton Enterprises, Inc.*, No. C2-05-500, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (Sargus, Jr., C.J.).

Here, the settlement reflects a reasonable compromise of disputed issues. The issues in this case were in dispute and settlement was achieved with an understanding of the disputed claims. The settlement was reached in an adversarial context in which Plaintiff was represented by counsel and the totality of the settlement is fair and reasonable. The settlement in this case was reached in an adversarial proceeding, through arm's length negotiations between capable attorneys who have the necessary experience to protect the rights of the Parties in this matter. Further, the settlement was reached under the supervision of Chief Judge Edmund A. Sargus, Jr. at the Final Pre-Trial Conference. The Parties well understand that litigation is an inherently risky process and the likelihood of success for either party is virtually unknown.

Moreover, the settlement in this case is fair because it represents the value of Plaintiff's and the Opt-In Plaintiff's unpaid overtime claims plus 75% liquidated damages. The calculations used to determine the settlement amount were based upon the individual analysis of Plaintiff's and Opt-Ins' payroll and timekeeping records. Counsel for both parties examined relevant information

relating to Plaintiff's claims for unpaid overtime. A number of settlement demands and counteroffers were exchanged before an agreement was ultimately reached.

In addition, as part of its fairness determination, the Court must also determine that the proposed attorneys' fees are reasonable. The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."); *see also* O.R.C. § 4111.10(A) (liability includes paying "costs and reasonable attorney's fees as may be allowed by the court"). Indeed, "[a]n award of attorneys' fees under the FLSA is ***mandatory***, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing, 732 F.2d 495, 501 (6th Cir.1984)*).

The federal courts have long recognized the profound importance of plaintiff's right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein."). There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"). Thus, it is not uncommon for fee awards to exceed the amount

recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.) (in a case alleging violations of the FLSA, the Court approved settlement payment of $13,395.97 to the named plaintiff and $19,000 for attorneys' fees and costs); *Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017) (Graham, J.) (in a FLSA case, the Court approved settlement of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Jasper, et al v. Home Health Connection, Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016) (Sargus, J.) (in a FLSA case, the Court approved $35,000 to named plaintiffs and class and $63,000 for attorneys' fees and costs).[1]

---

[1] *Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc*., 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc*., 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

As set forth above, Defendant has agreed after lengthy negotiations to pay a reasonable amount to Plaintiff's counsel for their fees and costs as provided in the Settlement Agreement submitted to the Court. The amount agreed is a reduction that the parties agreed to in order to ensure that Plaintiff and the Opt-Ins received the full amount initially demanded. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiff's counsel is proper and reasonable and fulfills the purpose and intent of the FLSA's fees provision.

### III. CONCLUSION

For the reasons stated above, the Parties respectfully request the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss this action with prejudice.

Respectfully submitted:

**COFFMAN LEGAL, LLC**

 /s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
(614) 949-1181
(614) 386-9964 (fax)
mcoffman@mcoffmanlegal.com


**BRYANT LEGAL, LLC**

 /s/ *Daniel I. Bryant*
Daniel I. Bryant (0090859)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
(614) 704-0546
(614) 573-9826 (fax)
dbryant@bryantlegalllc.com

Attorneys for Plaintiff

**NEWHOUSE, PROPHATER, KOLMAN & HOGAN, LLC**

 /s/ *Michael S. Kolman*
D. Wesley Newhouse (0022069)
Michael S. Kolman (0031420)
3366 Riverside Drive, Suite 103
Columbus, Ohio 43221
Phone:  (614) 255-5441
Fax:  (614) 255-5446
Email:  wnewhouse@npkhlaw.com;
mkolman@npkhlaw.com

Attorneys for Defendant Breck's Ridge, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December, 2019, a true and accurate copy of the forgoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

                                        */s/ Daniel I. Bryant*
                                        Daniel I. Bryant