# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims is made by and entered into between Garry Parker, on behalf of himself and, as defined below, the Settlement Class, on the one hand, and Breck's Ridge, LLC., on the other hand, each of whom is hereinafter referred to as a **"Settling Party"** and all of whom are hereinafter referred to collectively as the **"Parties"** or **"Settling Parties"** where appropriate.

## RECITALS AND BACKGROUND

**WHEREAS**, on July 20, 2017, Plaintiffs commenced this action by filing a Complaint in the United States District Court for the Southern District of Ohio, Case No. 2:17-cv-00633 (the "Litigation"). Plaintiff Garry Parker brought his claim as a collective action under the Fair Labor Standards Act ("FLSA"), alleging he, and similarly situated employees, were not paid overtime. Jeremy Howard and Billy Burrell opted-in as certified class members. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

**WHEREAS**, the Parties engaged in extensive discovery, exchanged information and documents, and they conducted detailed legal and factual analyses of Plaintiffs' claims and Defendants' defenses. On November 4, 2019, the Parties engaged in further settlement negotiations before The Honorable Chief Judge Edmund A. Sargus, Jr., and were able to reach a resolution, which culminated in this Settlement Agreement.

**WHEREAS**, it is the desire and intention of the Parties that this Settlement Agreement shall, for each member of the Settlement Class, fully, finally, and forever settle, compromise, and discharge all disputes and claims that Plaintiffs asserted in the Litigation and that relate to or could have arisen out of the same facts alleged in the Litigation, including both asserted and unasserted claims, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, unpaid overtime

1

wages, penalties, ██████████████████████, the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, or any state law regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation.

**WHEREAS**, it is the desire and intention of the Parties that under this Settlement Agreement, each member of the Settlement Class has received all wages and compensation to which they are entitled.

**WHEREAS**, Class Counsel has conducted a thorough investigation of the claims that Plaintiffs asserted in the Litigation and that relate to or could have arisen out of the same facts alleged in the Litigation, including both asserted and unasserted claims, and including but not limited to claims for unpaid wages, overtime, penalties, or any other wage or recordkeeping related damages or relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, or any state law regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation. Based on their independent investigation and evaluation, Class Counsel believe that the settlement with Defendants for the consideration of and on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate, and is in the best interest of Plaintiffs and all Opt-in Plaintiffs in light of all known facts and circumstances, including the risk of delay, defenses asserted by Defendants, and numerous potential certification and appellate issues.

**WHEREAS**, Released Parties expressly deny any liability or wrongdoing of any kind associated with the claims in this Litigation. Released Parties contend they have complied with applicable federal and state laws at all times. By entering into the Settlement Agreement, the Released Parties do not admit any liability or wrongdoing and expressly deny the same.

**NOW, THEREFORE**, the Settling Parties, intending to be legally bound and in consideration of the mutual promises, covenants, and agreements set forth in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

**I.     SETTLEMENT APPROVAL PROCEDURE.**

As soon as practicable after execution of this Agreement, the Parties shall file a Joint Motion for Approval of the Settlement Agreement and submit a proposed Order thereon. The Settling Parties agree to undertake all things and procedures reasonably necessary and appropriate to obtain approval of the settlement memorialized in this Agreement. This Agreement is contingent upon the settlement terms memorialized herein, and is entered into voluntarily by the Settling Parties for settlement purposes only.

**II.     SETTLEMENT ALLOCATION.**

In consideration of the mutual covenants and promises set forth herein, the Parties agree that, within fourteen (14) days of the Court's approval of this Agreement, Breck's Ridge shall remit to counsel for Plaintiffs, at 1550 Old Henderson Road, Suite 126, Columbus, Ohio 43220, the claimed damages ("Settlement Payment") as follows:

a)  <u>Wage and Damage Amounts to Representative Plaintiff</u>:  Defendant shall make the following payments to the Representative Plaintiff:

Garry Parker:

- ███████████████████████ reported by a Form 1099;
- $1,443.79 for overtime wages subject to withholding taxes reported by a Form W-2;
- $1,443.79 for liquidated damages reported by a Form 1099;

3

- ███████ ████████████████████████ subject to withholding taxes reported by a Form W-2.

b) <u>Wage and Damage Amounts to Opt-in Plaintiffs</u>:

Billy Burrell:

- $725.15 for overtime wages subject to withholding taxes reported by a Form W-2;

- $725.16 for liquidated damages reported by a Form 1099.

Jeremy Howard:

- $502.03 for overtime wages subject to withholding taxes reported by a Form W-2;

- $502.03 for liquidated damages reported by a Form 1099.

c) <u>Attorneys' Fees and Costs</u>: Defendant will pay a total $34,945.63 for attorneys' fees and costs payable to Bryant Legal, LLC. Defendant shall issue an IRS Form 1099 to Class Counsel reflecting the total amount. This payment shall be inclusive of all attorneys' fees and costs of all Plaintiffs in the Litigation. In consideration of this payment, and if the Settlement becomes final and effective, Class Counsel waives all claims to any further attorneys' fees, costs, and expenses in connection with the Litigation. Except as otherwise provided herein, the Parties shall bear responsibility for their own fees, costs, and expenses arising from the Litigation.

d) <u>Claims Administration</u>: The parties agree that no third-party administrator will be used due to the manageable class size and as a method to save costs. The parties agree to administer the process as set forth in this Agreement.

**III. RELEASE RELATED TO LITIGATION.**

4

In exchange for the monetary and other consideration recited in this Agreement, the Representative Plaintiff hereby agrees to dismiss the Lawsuit with prejudice and on the merits. The Representative Plaintiff and the Opt-in Plaintiffs Claimants shall release all wage and hour claims against the Released Party (as that term is defined in this Agreement) arising between July 20, 2014, and up to the effective date of this settlement, that were or could have been asserted in the Lawsuit under the federal Fair Labor Standards Act (29 U.S.C. §§201, *et seq.*) and the Ohio Minimum Fair Wage Standards Act (O.R.C. Chapter 4111). Further, Garry Parker hereby waives all claims and releases Breck's Ridge, LLC, or its owners, trustees, directors, employees, representatives, successors, insurers, agents and related entities, of all claims irrespective of whether such claims arose or may have arisen under contract, tort, or any federal or state statute including, but not limited to, R.C. 4112; 42 U.S.C. §1981; 42 U.S.C. §1983; 42 U.S.C. §2000(e); 29 U.S.C. §12101; U.S.C. §621 (commonly referred to as the Age Discrimination in Employment Act); any common law or policy-related cause of action.

IV. **CONFIDENTIALITY.**



V. **NON-DISPARAGEMENT.**

Parker expressly agrees that he shall not defame or disparage Breck's Paving, Inc., and/or Breck's Ridge, LLC or any of its past or present employees, agents, trustees, officers or representatives.

## VI. NEUTRAL EMPLOYMENT REFERENCE.

Breck's Ridge, LLC expressly agrees that, in response to any inquiries by potential employers of Parker and the Opt-In Plaintiffs, Breck's Ridge, LLC will provide a neutral employment reference consisting only of Parker's and the Opt-In Plaintiffs' job position(s) held with Breck's Ridge, LLC, hiring date, and separation date.

## VII. MODIFICATION OF THE AGREEMENT.

No waiver, modification, or amendment to the terms of this Agreement, whether purportedly made before or after entry of an Order approving this Agreement, shall be valid or binding unless made in writing and signed by the Settling Parties or their respective counsel, and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval. Any failure by the Settling Parties to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and notwithstanding such failure, the Settling Parties shall thereafter have the right to insist upon strict performance of any and all provisions of this Agreement.

## VIII. CONSTRUCTION AND INTERPRETATION.

A. **Entire Agreement.** This Agreement constitutes the entire agreement between the Settling Parties with respect to the subject matter contained herein and shall supersede all prior and contemporaneous negotiations between the Settling Parties. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any of the Settling Parties, regardless of who drafted or was principally responsible for drafting this

Agreement. Class Counsel and Defense Counsel participated in the negotiation and drafting of this Agreement. As such, the Settling Parties may not claim that any ambiguity in this Agreement should be construed for or against them.

  B. **No Reliance on Representations or Extrinsic Evidence.** Except as expressly provided herein, this Agreement has not been executed in reliance on any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict this Agreement. In entering into this Agreement, the Settling Parties agree that it is to be construed according to its terms and may not be modified, varied, or contradicted by extrinsic evidence.

  C. **Controlling Law.** This Agreement shall be subject to, governed by, and construed, enforced, and administered in accordance with, the laws of the State of Ohio with respect to both its procedural and substantive aspects and without regard for the principle of conflict of laws. This Agreement shall be subject to the continuing jurisdiction of the United States District Court for the Southern District of Ohio.

  D. **Severability.** If any provision of this Agreement, except for the Release described in Section VI herein, is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable, the remaining portions of this Agreement shall remain in full force and effect to the extent the effect of the Agreement and the obligations of the Settling Parties remain materially the same.

IX. **COUNTERPARTS.**

  The Agreement, any amendments or modifications to it, and any other documents required to be executed in order to consummate or carry-out this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All such

7

counterparts shall together constitute one and the same instrument. A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

X.  **BINDING EFFECT.**

This Agreement is binding upon and shall inure to the benefit of the Settling Parties. Without limiting the foregoing, this Agreement shall specifically inure to the benefit of the Released Parties. It is agreed that it is impractical to have each Qualified Claimant execute this Settlement Agreement. Therefore, the Notice Packet will advise all Potential Opt-In Plaintiffs of the binding nature of the release set forth herein and such shall have the same force and effect as if each Qualified Claimant executed this Settlement Agreement.

XI.  **ATTORNEY'S FEES, COSTS, AND EXPENSES.**

Except as otherwise specifically provided in this Agreement, the Settling Parties shall bear responsibility for their own attorney's fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of this Lawsuit, and shall not seek reimbursement thereof from any Settling Party.

XII.  **WARRANTY OF COUNSEL.**

Class Counsel and Defense Counsel warrant and represent that they are expressly authorized by the Settling Parties to take all appropriate actions required or permitted to be taken pursuant to this Agreement in order to effectuate its terms.

XIII.  **ONGOING COOPERATION.**

Class Counsel and Defense Counsel shall cooperate and proceed diligently to do all things reasonably necessary to consummate and obtain Court approval of the Stipulation.

XIV.  **EXTENSION OF TIME.**

The Settling Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice, subject to Court approval where applicable.

XV. **REVOCATION OF** ▮▮▮▮▮ **CLAIM SETTLEMENT.**

Parker will have twenty-one (21) days from the date on which this agreement was tendered to consider the agreement. Parker understands that he should discuss any concerns he may have with his attorney before executing the agreement. After Parker signs the agreement, he has seven (7) days in which to change his mind and revoke the portion of the agreement ▮▮▮▮▮ ▮▮▮▮▮ provided his revocation is done in a written notice and received by Breck's Ridge before the close of business on the seventh day after the date upon which he signs the agreement. Payment shall be provided to Parker following the seven (7) day revocation hearing.

XVI. **EFFECT OF NON-APPROVAL.**

In the event the settlement memorialized in this Agreement is not approved by the Court for any reason, the Settling Parties will exert their best efforts to preserve the material terms of their settlement, address any concerns identified by the Court, and submit any additional pleadings or other documents as directed by the Court. If the Settling Parties cannot agree on revised settlement terms, or if the Court fails to approve a renegotiated settlement, then this Agreement and all matters covered by it shall be null and void. Should this occur, nothing in this Agreement shall be used or construed by or against any Settling Party as a determination, admission, or concession of any issue of law or fact in the Lawsuit; and the Settling Parties do not waive, but instead expressly preserve, their respective rights with respect to the prosecution and defense of the Lawsuit as if this Agreement never existed.

### NOTICE:  PLEASE READ CAREFULLY BEFORE SIGNING

**I, Garry Parker, have read the foregoing Settlement Agreement and Release of Claims consisting of ten (10) pages, I fully understand it and, after consulting with legal counsel, I have voluntarily executed its on the day or dates written below, signifying my assent to and willingness to be bound by its terms.**

**GARRY PARKER, ON BEHALF OF HIMSELF, AND OPT-IN PLAINTIFFS:**

DATED: 11/22/2019  _[signature]_
Garry E. Parker (Nov 22, 2019)
Garry Parker

-----------------------------------------------------------------

**BRECK'S RIDGE, LLC.**

DATED:  By:

Name:
Authorized Representative

### NOTICE: PLEASE READ CAREFULLY BEFORE SIGNING

I, Garry Parker, have read the foregoing Settlement Agreement and Release of Claims consisting of ten (10) pages, I fully understand it and, after consulting with legal counsel, I have voluntarily executed its on the day or dates written below, signifying my assent to and willingness to be bound by its terms.

**GARRY PARKER, ON BEHALF OF HIMSELF, AND OPT-IN PLAINTIFFS:**

DATED: 11/22/2019        _[signature]_
                          Garry E. Parker (Nov 22, 2019)
                          Garry Parker

---

**BRECK'S RIDGE, LLC.**

DATED: 11/25/19        By: Mark A. Fissel, Member
                       Name: _[signature]_
                       Authorized Representative

10