IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY PARKER,

      Plaintiff,

v.

BRECK'S RIDGE, LLC *et al.*,

      Defendants.

Case No. 2:17-cv-633

JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Elizabeth P. Deavers

## OPINON AND ORDER

This matter is before the Court on Plaintiff Gary Parker's ("Plaintiff") and Defendant Breck's Ridge, LLC's ("Defendant") joint *Motion for Approval of Settlement and Order of Dismissal with Prejudice* (ECF No. 83), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff and Defendant (collectively, the "Parties") ask the Court to approve, as fair and reasonable, the proposed settlement memorialized in their Settlement Agreement. Further, as part of that same Settlement Agreement, the Parties request attorney's fees and dismissal of the instant action with prejudice. For the reasons that follow, the Court **GRANTS** the Parties' *Motion for Approval of Settlement and Order of Dismissal with Prejudice*. (ECF No. 83)

1. **FLSA Claims**

FLSA settlement agreements generally require approval by a district court or the United States Department of Labor. *See* 29 U.S.C. § 216; *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011). "Before approving a settlement, a district court must conclude that it is 'fair, reasonable, and adequate.'" *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir.

2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). Courts look to several factors when undertaking this inquiry: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.*

Having reviewed the Settlement Agreement submitted to the Court as Exhibit A to the joint motion, as well as the pleadings and motions on file in this action, and for good cause established therein, the Court enters this Order approving the Settlement Agreement. The Court finds that the Settlement Agreement resolves numerous disputes between Plaintiff and Defendant including those under the FLSA and resulted from arms-length negotiations between experienced counsel after substantial investigation. The Parties have informed the Court that they believe the Settlement Agreement is fair, reasonable, adequate, and in their best interests. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation and the stage of the proceedings; the amount, if any, offered in the Settlement Agreement; and the experience and views of counsel for the parties. In so doing, the Court finds that the Settlement Agreement satisfies the criteria established in this Circuit for FLSA settlements.

2. **Attorney's Fees**

The Settlement Agreement includes an award of attorney's fees. "An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying

the substantive portions of the statute providing for the award of fees." *United Slate, Tile & Composition Roofer, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). Additionally, "the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel." *Id.* at 504. The Court has reviewed *in camera* the attorneys' fees requested in this matter, and is satisfied that they are reasonable, and that the proposed stipulated settlement, including its stipulated provisions for attorney's fees, is generally a fair and reasonable resolution.

## CONCLUSION

The Court therefore **GRANTS** the joint *Motion for Approval of Settlement and Order of Dismissal with Prejudice* (ECF No. 83), and **DIMISSES with Prejudice** Plaintiff's Complaint. (ECF No. 1). The Clerk is **DIRECTED** to remove this case from the Court's active docket.

**IT IS SO ORDERED.**

2-28-2020
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**